UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

ANGELA BEEM,

        Plaintiff,

vs.

PROVIDENCE HEALTH AND SERVICES,

        Defendant.

NO. CV-10-037-JLQ

**ORDER RE: MOTIONS FOR RECONSIDERATION**

    The court issued its Memorandum Opinion and Order (ECF No. 162) disposing of the parties' cross-motions for summary judgment on October 13, 2011. On November 7, 2011, Plaintiff filed a Motion for Reconsideration (ECF No. 166), and Defendant filed a Motion for Reconsideration on November 10, 2011 (ECF No. 170). Neither party requested oral argument thereon, the motions have been briefed, and the court now issues its written ruling.

    **I. Motions for Reconsideration**

    Plaintiff's Motion states that it is brought pursuant to Fed.R.Civ.P. 54(b). That rule provides in part that, "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time...". Defendant's Motion cites to Rule 59(e), which speaks to motions to alter or amend a judgment. The court's Memorandum Opinion (ECF No. 162) did dispose of one claim-- Plaintiff's FMLA claim, but the court did not direct the Clerk to enter judgment on that count. Neither motion for reconsideration challenges the court's determination of the

ORDER - 1

FMLA claim.

Reconsideration of a previous order is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources. *Kodimer v. County of San Diego*, 2010 WL 2926493 (S.D. Cal. 2010) <u>citing</u> *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). Under Rule 59(e), the primary grounds for reconsideration are: 1) an intervening change in controlling law; 2) the presentation of newly discovered evidence; and 3) the need to correct clear error or prevent manifest injustice. *Thomas v. United States*, 1997 WL 881213 (D.Or. 1997) <u>citing</u> *School Dist. No. 1J v. AC and S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Reargument of the previously determined motion is not grounds for granting a motion for reconsideration. *Kodimer*, at *1 <u>citing</u> *American Ironworks v. North American Const. Corp.*, 248 F.3d 892, 899 (9th Cir. 2001). A district court may decline to consider an issue raised for the first time in a motion for reconsideration. *Id.* at *1.

## II. **<u>Plaintiff's Motion for Reconsideration</u>**

Plaintiff's Motion (ECF No. 166) takes issue with what she construes as the "factual findings" of the court, specifically concerning: 1) Whether Defendant ever offered Ms. Beem an 8:30 a.m. start time, and 2) whether Ms. Beem had more than ten tardies that were unrelated to her disabilities in any given year. Plaintiff contends that her declaration prepared in opposition to Defendant's Motion for Summary Judgment did not contradict her prior testimony.

First, the court does not weigh evidence nor find facts in adjudicating a motion for summary judgment. The court looks to the facts which are undisputed, or to which no genuine dispute exists, and determines whether a party is entitled to judgment as a matter of law. What this court found, was that Plaintiff's declaration contradicted her prior testimony as set forth at pages four to six of the Opinion. (ECF No. 162).

Secondly, the two issues: 1) whether Beem was offered an 8:30 a.m. start time, and 2) whether more than 10 of her tardies were not caused by her disability pertain primarily to Beem's ADA claim--a claim on which the court denied Defendant's Motion for

Summary Judgment. Beem is thus free to present evidence on this claim at trial and is not limited to evidence that was presented in the summary judgment record. Beem may testify concerning the 8:30 a.m. start time issue and Defendant can present evidence contradicting such testimony, including Beem's prior inconsistent statements, if any. Plaintiff's Motion for Reconsideration (ECF No. 166) is **DENIED**.

The court additionally notes that in the briefing on the motions to reconsider Plaintiff has continued to take inconsistent positions. In opposition to Defendant's Motion for Reconsideration, Plaintiff filed the declaration of Julie Zoesch. (ECF No. 175). First, this is new evidence and it is inappropriate to ask the court to consider a declaration of November 27, 2011, when no reason has been shown why it was not filed as part of the summary judgment record, and when Plaintiff had failed to make a request pursuant to Rule 56(d) to continue the summary judgment proceedings. Second, the declaration of Ms. Zoesch merely states that she also works in the microbiology lab and starts at 8:00 a.m. Third, and most problematic for Plaintiff, is that she previously claimed she was the only employee allowed to start at 8:00 a.m. Plaintiff has previously averred that the start times in the labs were between 6:30 and 7:30 with the exception of her start time. (ECF 138, ¶ 22, "and in my case, 8:00"). At oral argument Plaintiff's counsel clearly stated: "Ms. Beem, in the microbiology lab, was the only person that was permitted on a regular basis to start at 8:00." (ECF 158, p. 23). Plaintiff's counsel in her briefing now states: "First, it is not true that employees are required to start by 7:30 and that Ms. Beem's "accommodation" was the only exception." (ECF No. 174, p. 2). The contradictions between those statements and the new position are obvious, which might suggest a possible breach of counsel's duty of candor to the court. Fed. R. Civ. P. 11(b).

### III. Defendant's Motion for Reconsideration

Defendant's Motion for Reconsideration (ECF No. 170) asks that the court reconsider its denial of summary judgment on the ADA and state law claims and direct entry of judgment entirely disposing of the case. As to the ADA claim, Defendant argues that punctuality was an essential function of Beem's position and that "Plaintiff has

ORDER - 3

provided no showing that Sacred Heart was required to violate its collective bargaining agreement to transfer her to evening shift." (ECF No. 171).

This is merely reargument of issues previously decided. See Opinion of October 13, 2011 at ECF No. 162, p. 10 ("The court must conclude that a question of fact exists regarding whether strict punctuality was an essential function of Ms. Beem's position."). The court also addressed in its prior Opinion the interactive process and whether it was a reasonable accommodation to assign Beem to a different shift. The court concluded, "On the state of the current record, it is unclear to what extent Defendant considered and explored the potential for reassignment, and in what manner its decision was communicated to Beem...Whether Defendant engaged in good faith in the interactive process, and whether there existed a reasonable accommodation that would have allowed Beem to alleviate her problems with tardiness, are questions for the jury." ECF No. 162, p. 15. Thus Defendant's Motion for Reconsideration as to the ADA claim is **DENIED**.

Defendant also argues that the court should reconsider its denial of summary judgment on Count III. Count III of Plaintiff's First Amended Complaint (ECF No. 46) incorporates the allegations of paragraphs 1-29 and then states:

> 31. Defendant failed to accommodate and terminated Plaintiff in violation of the clear mandate of public policy expressed in the Washington Law Against Discrimination, RCW 49.60 et seq.

Defendant argues the claim should be dismissed because it is duplicative of the ADA claim and because the public policy is adequately protected by other statutes. Defendants rely on *Cudney v. ALSCO, Inc.*, 2011 Wash. LEXIS 665 (Wa. 2011) which was issued by the Washington Supreme Court on September 1, 2011. This was after briefing was completed on the cross-motions for summary judgment, but prior to argument of the motions on September 16, 2011, and the court also allowed supplemental briefs to be filed on October 3, 2011. Thus, the final *Cudney* decision was available to be brought to

ORDER - 4

the court's attention in the supplemental briefing, but it was not.[1]

In *Cudney* the Washington Supreme Court reviewed the four factor test a plaintiff must satisfy to prevail on a claim for wrongful discharge:

1) the existence of a clear public policy (the clarity element);

2) that discouraging the conduct in which she engaged would jeopardize the public policy (the jeopardy element);

3) that the public-policy-linked conduct caused the dismissal (the causation element); and

4) that the defendant has not offered an overriding justification for the dismissal (absence of justification element).

The court held that, "in order to meet the jeopardy element, a plaintiff must show that other means of promoting the public policy are inadequate."

Defendant argues that as Beem may protect the policy by pursuing an action under the ADA or WLAD, she cannot proceed on a wrongful discharge in violation of public policy claim. Count III is not a direct claim under the WLAD (any direct claim is encompassed in Count I). Rather, Count III is stated as the tort of wrongful discharge in violation of public policy. (ECF No. 46). Beem asserts the public policy is expressed in the WLAD.

The parties have discussed that Defendant believes it is exempt from the WLAD by reason of being a non-profit religious organization and therefore not an "employer" under Section 49.60.040 of the WLAD. The parties have never briefed the issue of whether Defendant qualifies as a "religious" organization and would be exempt from the WLAD. If Defendant was exempt, then Plaintiff would not have an adequate remedy under the WLAD. See *Roberts v. Dudley*, 140 Wash.2d 58 (2000) (allowing claim for wrongful discharge in violation of public policy for sex discrimination even though employer had

---

[1] Plaintiff did reference that the case was pending before the Washington Supreme Court in a brief filed August 11, 2011. (ECF 136, p. 20).

ORDER - 5

less than 8 employees and was thus statutorily exempt from remedies provided under the WLAD).

Defendant also cites to *Korslund v. Dyncorp Tri-Cities Services*, 156 Wash.2d 168 (2005) to argue that Beem has an adequate remedy under federal law, and thus the common law tort claim should be dismissed.  In *Korslund* the Washington Supreme Court held that the federal Energy Reorganization Act provided an adequate remedy to protect the public policy and therefore, as a matter of law plaintiffs' claims of wrongful discharge in violation of public policy must fail. *Id.* at 182-183.  Thus, federal law may serve as the adequate statutory remedy that precludes a Washington state law claim for discharge in violation of public policy.  Similarly here, the court finds the ADA provides an adequate remedy to protect the public policy which seeks to prevent discrimination against individuals with disabilities in the employment setting.  Accordingly, Plaintiff's claim in Count III for wrongful discharge in violation of public policy must fail. Defendant's Motion for Reconsideration (ECF No. 170) is GRANTED IN PART and DENIED IN PART.  Defendant is entitled to summary judgment on Count III.  Plaintiff's claims asserted in Count I of the Amended Complaint (ECF No. 46) for violation of the ADA and WLAD remain.  Although Plaintiff's statutory claim under the WLAD may be foreclosed if Defendant is a non-profit "religious" organization and thus exempt from the definition of "employer" in RCW 49.60.040(11), that issue was not part of Defendant's Motion for Summary Judgment and the court makes no determination thereon.

**IT IS HEREBY ORDERED:**

1.  Plaintiff's Motion for Reconsideration (ECF No. 166) is **DENIED**.

2.  Defendant's Motion for Reconsideration (ECF No. 170) is **GRANTED IN PART** and **DENIED IN PART**.  The Motion for Reconsideration as to Count I (the ADA/WLAD claim) is **DENIED**.  The Motion for Reconsideration as to Count III (common law tort claim for wrongful discharge in violation of public policy) is **GRANTED**.  Defendant is entitled to summary judgment on Count III.

ORDER - 6

**IT IS SO ORDERED**.

The Clerk is hereby directed to enter this Order and furnish copies to counsel.

**DATED** this 12th day of December, 2011.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 7