1

2

3

4

5          UNITED STATES DISTRICT COURT

6          EASTERN DISTRICT OF WASHINGTON

7   ANGELA BEEM,

8                           Plaintiff,          NO:  10-CV-0037-TOR

9          v.                                   ORDER RE: MOTIONS

10  PROVIDENCE HEALTH &
    SERVICES,

11
                            Defendant.

12

13        A Pretrial Conference was held in this matter on April 16, 2012.  Chris

14  Farias and Mathew Harrington appeared for Ms. Beem, who was also present.

15  Kathryn Rosen and Paula Lehmann appeared on behalf of Providence.

16        The Court discussed with counsel the several recently filed pending motions:

16  Defendant's Motion to Clarify (ECF No. 288), Plaintiff's Motion for

17  Reconsideration re: FMLA references (ECF No. 299), and Plaintiff's Motion re:

    Use of Video Deposition Excerpts (ECF No. 303).  Plaintiff had also filed a

18  Motion to Expedite (ECF No. 306) requesting that the motions be heard at the

19  Pretrial Conference.  The parties offered no objection to proceeding with

20  consideration of the motions on an expedited basis.  The court heard argument and

    this Order will supplement and memorialize its oral rulings.

ORDER RE: MOTIONS ~ 1

**A.  Defendant's Motion for Clarification (ECF No. 288)**

Defendant sought reconsideration/clarification of three of the Court's rulings contained in the Memorandum Opinion and Order Re: Pretrial Motions (ECF No. 287).  Specifically, Defendant sought reconsideration of the Court's ruling concerning the admissibility of evidence of: 1) Plaintiff's failure to utilize the union grievance procedure; 2) Providence's religious affiliation; and 3) evidence concerning Plaintiff's tardiness data analysis.  Plaintiff filed a Memorandum in Opposition to this Motion. (ECF No. 297).

As to evidence of Plaintiff's failure to use the grievance process, the Court's prior ruling stands.  The Court does not believe that Ms. Beem intends to challenge whether she actually was tardy, or the fairness of the "1-minute rule".  If Plaintiff opens the door on these issues at trial, the Court will reconsider its ruling. Additionally, the parties intend to introduce the Collective Bargaining Agreement ("CBA") or at least portions thereof.  Introduction of the CBA, without calling attention to the grievance process described therein, would not prejudice Plaintiff or violate the Court's in limine ruling.

As to evidence of Providence's religious affiliation, the Court's ruling stands. As Plaintiff concedes, some evidence of Providence's affiliation will undoubtedly come into evidence through the documentary evidence, and a mere mention of Providence being a Catholic institution, or a non-profit, is not prejudicial to Ms. Beem.  However, the Court will not allow what is effectively vouching in the form of Providence putting on evidence of its religious affiliation, history, and values in order to argue or infer that all decisions were made in accordance with its five core values and thus Providence could not have discriminated against Ms. Beem. Under Fed. R. Evid. 610: "Evidence of a witness's religious beliefs or opinions is not admissible to attack or support the witness's credibility."

Finally, as to evidence concerning Ms. Duzan's Rule 30(b)(6) deposition and the other employee tardiness data, the Court's ruling stands. At the Pretrial Conference it again appeared that there was really no dispute - - Providence does not presently intend to offer evidence beyond Ms. Duzan's testimony to undermine Plaintiff's calculations of other employee tardies. To the extent Providence believed the Court's ruling was that only evidence from Ms. Duzan could be introduced in making the determination of whether punctuality is an essential function, that view is erroneous. Providence is not so limited, nor did the Court's prior Order so state.

**B. Plaintiff's Motion for Reconsideration re: FMLA (ECF No. 299)**

Ms. Beem asks for reconsideration of the Court's ruling concerning evidence of her FMLA claim. In its ruling the Court stated: "Ms. Beem is not precluded from introducing evidence or making argument that she requested medical leave in general, or that she requested medical leave as an accommodation for her disability. However, Plaintiff shall not offer testimony or documentary evidence referencing the Family and Medical Leave Act." (ECF No. 287, p. 30-31). It was the Court's intent for Plaintiff to redact the FMLA references from her documentary evidence so that the jury would not be confused by reference to a federal statute under which the Court has determined Plaintiff has no claim. Plaintiff argues the numerous redactions would confuse or mislead the jury and that the better approach would be to allow the information with an appropriate limiting instruction.

The Court grants Plaintiff's request for reconsideration to the following extent. Evidence, oral or documentary, which is otherwise admissible may be introduced, without redaction, even if it contains reference to the FMLA. The Court will give an appropriate limiting instruction. Plaintiff's proposed instruction (at ECF No. 309) is not sufficient. Defendant is agreeable with this approach if an appropriate limiting instruction is given. Defendant may submit a proposed

instruction, or the parties may jointly submit an instruction by the deadline for revised instructions of **May 1, 2012.**

C. **Plaintiff's Motion re: Use of Video Deposition Excerpts (ECF No. 303)**

Plaintiff argues that she should be allowed to use video deposition excerpts in opening statement. Plaintiff relies on Fed. R. Civ. P. 32(a)(3) to argue that she may use the deposition of an adverse party "for any purpose." This does not give Plaintiff unlimited authority to use such deposition. The Court possesses inherent authority to manage trial proceedings and the rules of procedure are to be construed to "secure the just, speedy, and inexpensive" determination of every action. Fed. R. Civ. P. 1. Plaintiff's ability to use the depositions is also limited by the Federal Rules of Evidence. Under Fed. R. Evid. 403, this Court may exclude relevant evidence if its presentation would waste time or needlessly present cumulative evidence. Ms. Beem cites no authority allowing the use of video depositions in opening statement, and when asked at the hearing, offered no authority supporting her position. Defendant previously objected to Plaintiff's deposition designations based on the fact that the witnesses would be available at trial.

"The deposition has always been, and still is, treated as a substitute, a second-best, not to be used when the original is at hand." *Napier v. Bossard*, 102 F.2d 467 (2nd Cir. 1939)(Learned Hand, J.) see also *Salsman v. Witt*, 466 F.2d 76, 79 (10th Cir. 1972)("testimony by deposition is less desirable than oral testimony and should ordinarily be used as a substitute only if the witness be unavailable to testify in person") citing to Wright & Miller, Federal Practice and Procedure, Civil: § 2142. Although an adverse party may use the deposition of a party even when the party is available to offer live testimony (*Pursche v. Atlas Scraper and Engineering*, 300 F.2d 467 (9th Cir. 1962)), such use can be unnecessarily repetitious.

Additionally, the courts which have specifically addressed the use of video depositions in opening statement have found such use inappropriate as unduly emphasizing the testimony. <u>See for example</u> *Hynix Semiconductor Inc. v. Rambus, Inc.*, 2008 WL 190990 (N.D. Cal. 2008)("Repeatedly showing the same few deposition segments seems to exalt the relevance of those videotaped shreds of evidence over live testimony."); *Carpenter v. Forest Meadows Owners Assoc.*, 2011 WL 3207778 (E.D. Cal. 2011). The purpose of opening statement "is to state what evidence will be presented, to make it easier for the jurors to understand what is to follow, and to relate parts of the evidence and testimony to the whole." *Carpenter* at *6 <u>citing</u> *United States v. Dinitz*, 424 U.S. 600, 612 (1976)(Burger, J. concurring). What Plaintiff proposes to do, is to introduce evidence during opening statement. The Court will not allow the showing of video deposition excerpts during opening statement. The motion is denied.

**D. Exhibits**

The Court took up Defendant's objections to Plaintiff's proposed exhibits and issued rulings thereon. The official record of such ruling is the transcript of the hearing, but the parties are also referred to the minutes of the proceeding (ECF No. 310). Plaintiff's proposed exhibits 77 and 179 were not listed in the minutes, but were excluded. The Court did not entertain Plaintiff's objections to Defendant's exhibits, as Defendant indicated it wished to revise its proposed exhibits and would likely withdraw exhibits based on the Court's pretrial evidentiary rulings. In the event that objections remain to the Defendant's exhibits, any such remaining objections shall be submitted to the Court **not later than May 9, 2012, at 10:00 a.m.**

**IT IS HEREBY ORDERED**:

1. Plaintiff's Motion to Expedite (ECF No. 306) is **GRANTED**.

2. Defendant's Motion for Clarification/Reconsideration (ECF No. 288) is **DENIED** to the extent that the Court's prior rulings stand, and **GRANTED** to the

ORDER RE: MOTIONS ~ 5

extent this Order clarifies or supplements the prior ruling.  Counsel for Defendant asked for leave to submit additional briefing on the issue of the admissibility of evidence of religious affiliation.  If Defendant still wishes to submit an additional brief, it shall do so by no later than **April 27, 2012**, and such brief shall not exceed 10 pages.

 3. Plaintiff's Motion for Reconsideration re: FMLA (ECF No. 299) is **GRANTED**.  Reference to the FMLA will be allowed, with an appropriate limiting instruction.

 4. Plaintiff's Motion to Clarify re: Use of Video Depositions (ECF No. 303) is **DENIED**.  Plaintiff may not utilize video deposition excerpts in opening statement.

 5.  The parties shall jointly submit a revised version of proposed jury instructions **no later than May 1, 2012**.

 6.  The parties shall submit any remaining objections to exhibits no later than **May 9, 2012**.

 **IT IS SO ORDERED**.

 The District Court Executive is hereby directed to enter this Order and furnish copies to counsel.

 **DATED** this 19th day of April, 2012.

*s/ Thomas O. Rice*

THOMAS O. RICE
United States District Judge

ORDER RE: MOTIONS ~ 6