UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANGELA BEEM,<br><br>                              Plaintiff,<br><br>        v.<br><br>PROVIDENCE HEALTH &<br>SERVICES,<br><br>                              Defendant. | NO:  10-CV-0037-TOR<br><br>ORDER DENYING SUMMARY<br>JUDGMENT AND STRIKING<br>DECLARATION |

Before the Court is Defendant PSHMC's April 16, 2012 oral motion for the

Court to reconsider its ruling on summary judgment which has also been filed in

writing on April 26, 2012, at ECF No. 332.  Also before the Court is PSHMC's

Motion to Strike the Declaration of Loraine Krauss filed in opposition to the

motion for reconsideration, ECF No. 335.  The Court has considered all the

briefing and attached exhibits which were submitted with the parties' cross

ORDER DENYING SUMMARY
JUDGMENT AND STRIKING DECLARATION ~ 1

motions for summary judgment and reconsideration motions, as well as the recent filings, and is fully informed.

MOTION TO STRIKE

Plaintiff submitted the Declaration of Loraine Krauss in support of her opposition to Defendant's renewed motion for summary judgment.   Ms. Krauss posits that if she were asked in early 2009 to switch from graveyard shift to working weekdays, she would have taken that opportunity.  Her hypothetical is not tethered to the Collective Bargaining Agreement or the contractual procedures required to "switch" shifts with another employee.  Plaintiff admits that Ms. Krauss has never been disclosed as a witness in this case.  ECF No. 343.

This case has been pending for more than two years and the disclosure came merely 18 days before trial.  The Court has previously warned the parties that failure to disclose will result in "the preclusion of the introduction of evidence not timely disclosed."  ECF No. 9.  Fed.R.Civ.P. 37(c) forbids a party to use the undisclosed witness to supply evidence on a motion . . . or at trial, unless the failure was substantially justified or is harmless.  Here, Plaintiff admits her late disclosure, but contends it is harmless because Mr. Claridge was aware of Ms. Krauss's alleged desire to change shifts and can so testify.  Mr. Claridge may be

ORDER DENYING SUMMARY
JUDGMENT AND STRIKING DECLARATION ~ 2

able to supply nearly the same information, but adding Ms. Krauss as a witness is not qualitatively harmless. Plaintiff knew of her identity as evidenced by her citation to the February 1, 2009 e-mail from Jerry Claridge referencing Ms. Krauss's interest in working day or evening shifts. ECF No. 137-7 at 177.

The burden is upon the disclosing party to show that the failure to disclose information or witnesses was justified or harmless. *R & R Sails, Inc. v. Insurance Co. of Pennsylvania*, 673 F.3d 1240, 1246 (9th Cir. 2012). The Ninth Circuit identified several factors that the district court may consider in deciding whether to impose Rule 37(c)(1)'s preclusion sanction. Those factors include (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the other parties, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions. *See, e.g., Wendt v. Host Int'l, Inc*., 125 F.3d 806, 814 (9th Cir. 1997); *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990). However, if the sanction amounts to dismissal of a claim, the district court is required to consider whether the claimed noncompliance involved willfulness, fault, or bad faith and also to consider the availability of lesser sanctions. *R & R Sails, Inc*., 673 F.3d at 1247.

ORDER DENYING SUMMARY
JUDGMENT AND STRIKING DECLARATION ~ 3

1    The Court does not find any bad faith or willfulness, nor is it dismissing or

2    effectively dismissing a claim. The Court has considered lesser sanctions than

3    witness preclusion.  Plaintiff will not be prejudiced in presenting her theory of the

4    case with other available evidence (e.g., Mr. Claridge's testimony and the

5    contemporaneous e-mail he authored), while PSHMC will be prejudiced by the

6    recent disclosure.  Accordingly, Ms. Krauss's declaration is stricken and she will

7    not be allowed to testify at trial.  Attorney fees and expenses will not be assessed,

8    witness preclusion is enough of a sanction.

9                           SUMMARY JUDGMENT

10    The recent Ninth Circuit opinion in *Samper v. Providence St. Vincent*

11 *Medical Center*, 2012 WL 1194141 (9th Cir. 2012), is clearly of great importance

12 to this case.  At first blush, *Samper* appears to have changed the legal landscape.

13 Upon further reflection, the Court finds there are still disputed issues of fact that

14 must be decided by the trier of fact.  The Court does not have the prerogative to

15 decide disputed factual issues at this stage of the proceeding.  *See, e.g., Morales v.*

16 *Merit System Protection Bd*., 932 F.2d 800, 803 (9th Cir. 1991); *Anderson v.*

17 *Liberty Lobby, Inc*., 477 U.S. 242, 255 (1986) (Credibility determinations, the

18 weighing of the evidence, and the drawing of legitimate inferences from the facts

19 ORDER DENYING SUMMARY

20 JUDGMENT AND STRIKING DECLARATION ~ 4

are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict. The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.)

To establish a prima facie case for failure to accommodate under the ADA, Beem must show that "(1) [s]he is disabled within the meaning of the ADA; (2) [s]he is a qualified individual able to perform the essential functions of the job with reasonable accommodation; and (3) [s]he suffered an adverse employment action because of [her] disability." *Samper v. Providence St. Vincent Medical Center*, 2012 WL 1194141, 3.  Although Plaintiff retains the burden of proof in making her prima facie case, PSHMC has the burden of production in establishing what job functions are essential as "much of the information which determines those essential functions lies uniquely with the employer." *Bates v. United Parcel Svc., Inc.*, 511 F.3d 974, 991 (9th Cir. 2007) (en banc). To meet its burden of production, PSHMC "must clearly set forth, through the introduction of admissible evidence, reasons for its actions which, if believed by the trier of fact, would support a finding" favorable to the defendant—in this case, that compliance with the 1-minute tardy policy is an essential function of the job.  In most cases, the essential function and reasonable accommodation analyses are separate: first, a

ORDER DENYING SUMMARY
JUDGMENT AND STRIKING DECLARATION ~ 5

court inquires as to the job's essential functions, after which the plaintiff must establish that she can perform those functions with or without reasonable accommodations. *Samper*, 2012 WL 1194141, 6.

The parties' briefing has focused on the critically and potentially dispositive issue of whether punctually and reliably reporting to work is an essential function of Ms. Beem's job. While not relevant to the present motion, the court is aware there remain factual disputes as to whether Ms. Beem is disabled (first element of ADA claim) and whether her termination was "because of" her disability (third element of ADA claim). For purposes of this motion PSHMC has come forward with rather persuasive evidence that punctuality is an essential element of Ms. Beem's job. The Court will not enumerate PSHMC's evidence as the parties are familiar with it. On the other hand, Ms. Beem has come forward with evidence, which if accepted by the trier of fact, could seriously undermine PSHMC's position. First, Ms. Beem's Microbiology co-workers on the dayshift could arrive in the morning at any one of three start times, 6:30, 7:00, or 7:30, and with permission at 8:00. ECF No. 121 at 2; ECF No. 120 at 47-48. Second, Ms. Beem contends she never relieved anyone when she arrived to work. ECF No. 121 at 2; ECF No. 138 at 9. Third, Ms. Beem's immediate supervisor did not

ORDER DENYING SUMMARY
JUDGMENT AND STRIKING DECLARATION ~ 6

contemporaneously know that Ms. Beem was tardy to work (he learned of that when he checked her time clock records at the end of the pay period). ECF No. 120 at 49. Fourth, Ms. Beem consistently received positive performance evaluations. ECF No. 127 at 22-28, 33-39, 43-49, 56-62, 65-71, and 77-86. Fifth, when Ms. Beem was late, she was only 1 to six minutes late, she was not absent the entire day (unlike Ms. Samper). ECF No. 128 at 132. As it previously ruled, ECF 162 at 12, the Court concludes that the trier of fact will have to resolve whether strict punctuality is an essential function of Ms. Beem's job.

Ms. Beem still bears the burden to show she was terminated "because of" a disability. *Bates*, 511 F.3d at 994. If punctuality is determined **not** to be an essential function, the jury must still decide whether Ms. Beem was tardy as a result of her disability (or some other cause) and then whether PSHMC terminated her "because of" her disability or stated another way, because she was tardy as a result of her disability. See, e.g., *Humphrey v. Memorial Hospitals Ass'n*, 239 F.3d 1128, 1140 (9th Cir. 2001) (The link between the disability and termination is particularly strong where it is the employer's failure to reasonably accommodate a known disability that leads to discharge for performance inadequacies resulting from that disability).

ORDER DENYING SUMMARY
JUDGMENT AND STRIKING DECLARATION ~ 7

In the event a jury determines strict punctuality **is** an essential function, the question then becomes whether Ms. Beem can perform that essential function with reasonable accommodation.  Ms. Beem has proposed essentially four accommodations to be considered: 1) exemption from the tardy policy; 2) an 8:30 start time; 3) transfer to an MLT position on the night shift; and 4) transfer to an MT position on the night shift.

*Samper* clearly stands for the proposition that if punctuality is an essential function, then Ms. Beem's request for exemption from the tardy policy is not, as a matter of law, a reasonable accommodation.  Her claim for an exemption from the tardy policy can only succeed if her punctual attendance is **not** an essential function.

There remain disputed issues of fact as to whether Ms. Beem was offered and rejected an 8:30 a.m. start time, as an accommodation.  *See* Court's Order, ECF No. 178 at 2-3.  The jury will have to resolve the dispute.

PSHMC has argued that it would be a breach of its contract and an unfair labor practice for it to allow Ms. Beem to switch shifts with another employee.  ECF No. 328 at 12.  That may well be true, but PSHMC's citation to the Collective Bargaining Agreement, ECF No. 126 at 7, does not make that assertion self-

ORDER DENYING SUMMARY
JUDGMENT AND STRIKING DECLARATION ~ 8

evident nor show that a switch could not be accomplished.   An accommodation

that violates the rules of a seniority system would not be reasonable if that system

is rigorously followed. *See U.S. Airways v. Barnett*, 535 U.S. 391, 403 (2002) ([I]t

would not be reasonable in the run of cases that the assignment in question trump

the rules of a seniority system. To the contrary, it will ordinarily be unreasonable

for the assignment to prevail.)  Here, it is unclear whether Ms. Beem's day shift

was a premium shift that she could voluntarily relinquish for a less desirable night

shift, thereby not implicating a violation of the Collective Bargaining Agreement

that incorporates a seniority preference.  It is not clear whether Ms. Beem could

have effectuated the transfer by herself, whether PSHMC had to effectuate the

transfer, or whether the Union had to be involved.  If Ms. Beem used her seniority

to bid for a less desirable job, it is possible that no seniority rules would be

violated.  That is unclear from the present record. *Barnett* stands for the

proposition that an employer cannot give a less senior disabled employee

preference over another more senior employee as a reasonable accommodation.

These factual issues will have to be decided at trial.

The Court has already ruled that Ms. Beem's fourth requested reasonable

accommodation is not available, that is, her request to be transferred to an MT

ORDER DENYING SUMMARY
JUDGMENT AND STRIKING DECLARATION ~ 9

position.  ECF No. 162 at 14.  Ms. Beem did not possess the requisite education to receive a promotion to an MT position.  ECF No. 138 at ¶ 28.  There are no disputed facts concerning Ms. Beem's request to be transferred to an MT position, it is not, as a matter of law, a reasonable accommodation.  Accordingly, Ms. Beem will not be allowed to argue at trial that PSHMC should have transferred her to an MT position.

## WLAD EXEMPTION

PSHMC has asked the Court to rule before trial on its claimed non-profit religious employer exemption to the WLAD.  It contends, among other reasons, that WLAD obligates an employer to look for vacant positions, unlike the ADA.  The Court concludes that the ADA requires the parallel obligation.  *See, e.g., Humphrey*, 239 F.3d at 1137-38 ([Defendant] had an affirmative duty under the ADA to explore further methods of accommodation before terminating [Plaintiff]); 42 U.S.C. § 12111(9) (reassignment to a vacant position is example of reasonable accommodation).  All the other reasons cited by PSHMC for asking for a pretrial ruling can be resolved by well drafted jury instructions.

//

//

ORDER DENYING SUMMARY
JUDGMENT AND STRIKING DECLARATION ~ 10

Accordingly, IT IS HEREBY ORDERED:

1.  Defendant's Motion to Strike the Declaration of Loraine Krauss, ECF No. 335, is GRANTED.  Defendant's Motion to Expedite hearing on this motion, ECF No. 339, is GRANTED.

2.  Defendant's Motion for Reconsideration, ECF No. 332, is DENIED.

The District Court Executive is hereby directed to enter this Order and furnish copies to counsel.

DATED this 4th day of May, 2012.

*s/ Thomas O. Rice*

THOMAS O. RICE
United States District Judge

ORDER DENYING SUMMARY
JUDGMENT AND STRIKING DECLARATION ~ 11